**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ARTHUR J. MORRIS,
   Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,
   Agency.

DOCKET NUMBER
DA-1221-12-0152-W-4

DATE: December 22, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Teri Morris, Gurnee, Illinois, for the appellant.

Janet E. Harford, Esquire, Temple, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The appellant timely filed an IRA appeal in which he alleged that the agency took various personnel actions in retaliation for his protected whistleblowing disclosures while he was a Kinesiotherapist, GS-0635-11, at the agency's facility in Temple, Texas. MSPB Docket No. DA-1221-12-0152-W-1 (W-1), Initial Appeal File (IAF), Tab 1 at 1. He held that position before his geographic transfer to the position of Clinical Supervisor (Therapy Supervisor), GS-0635-12 at the agency's North Chicago, Illinois facility in March 2010.[2] *See* W-1, IAF, Tab 11, Subtab 4d. The administrative judge found that the appellant demonstrated that he exhausted his administrative remedies before the Office of Special Counsel (OSC) only for his claim that the agency had engaged in a

---

[2] This appeal was dismissed without prejudice to refiling three times before it was decided. *See* IAF (W-1), Tab 17; MSPB Docket No. DA-1221-12-0152-W-2, IAF, Tab 16; MSPB Docket No. DA-12-0152-W-3 (W-3), IAF, Tab 8. Among other things, the administrative judge asked the parties to dismiss the appeal without prejudice to await the Board's decisions in *Day v. Department of Homeland Security*, 119 M.S.P.R. 589 (2013) (finding section 101 of the Whistleblower Enhancement Act is retroactive), and *King v. Department of the Air Force*, 119 M.S.P.R. 663 (2013) (finding section 107 of the Whistleblower Enhancement Act is not retroactive). *See* W-3, IAF, Tab 8 at 2-3; MSPB Docket No. DA-1221-12-0152-W-4 (W-4), IAF, Tab 1.

pattern of unjustifiable hiring practices during calendar year 2009, wrongfully failing to select him for a higher-graded position. W-4, IAF, Tab 7, Initial Decision (ID) at 4. The administrative judge found that the appellant failed to exhaust his OSC remedies regarding three other alleged actions mentioned in his October 18, 2011 letter to OSC.[3] ID at 4-6. In the October 18, 2011 letter, the appellant alleged that: 1) the agency violated the Privacy Act when Texas officials contacted an official at the North Chicago facility and disclosed unidentified information labeling him as a problem employee or troublemaker; 2) the agency wrongly failed to allow him to carry over 42.5 hours of use-or-lose leave at the end of 2009; and 3) his supervisor asked him to back-date his performance standards and an interim performance review.[4] *See* W-4, IAF, Tab 6, Decl. at 4-5 & Ex. 1.

¶3      Regarding the appellant's claim that the agency engaged in unjustifiable hiring practices, the administrative judge found that he had alleged that he made a protected disclosure of such practices via a January 28, 2010 letter to the Secretary for Veterans Affairs. *See* W-1, IAF, Tab 11, Subtab 4h. However, because the actions he considered retaliatory took place in 2009 and early 2010, *before* he made the protected disclosure, ID at 6-7; *see* W-1, IAF, Tab 11, Subtab 4h at 1-2; W-4, IAF, Tab 6, Decl. at 3, the appellant failed to nonfrivolously allege that his protected disclosure contributed to the agency's hiring practices.

---

[3] In the October 18, 2011 letter, the appellant also alleged that he had made disclosures to the agency's Inspector General and to the Joint Commission on Accreditation of Healthcare Organizations. *See* W-4, IAF, Tab 6, Decl. at 4, Ex. 1 at 1. The appellant stated, however, that these disclosures were covered by a July 30, 2009 confidential settlement agreement executed to settle a discrimination complaint and were thus separate from his OSC complaint. *Id.*, Decl. at 17, Ex. 1 at 1-2.

[4] The letter also repeated and clarified the appellant's allegations that agency officials in Texas had engaged in a pattern of cancelling vacancies for which he had applied to avoid selecting him for a higher-graded position. *See* W-4, IAF, Tab 6, Decl., Ex. 1 at 3-4. Additionally, the appellant noted that he was contesting the alleged violation of a 2009 settlement agreement resulting from a discrimination complaint. *See id.* at 2, 4.

The administrative judge thus found that he failed to meet his jurisdictional burden.  ID at 7.

¶4      The appellant claims on review that the retaliatory actions he alleged occurred after his protected disclosure.  He does not identify specific actions other than to characterize them generally as "improprieties in hiring practices and release of private and confidential information."  Petition for Review (PFR) File, Tab 1 at 3.  A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record.  *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).  The appellant has not offered any specific examples of evidence countering the findings of fact in the initial decision.

¶5      To the extent that the appellant is referencing the allegations for which he failed to exhaust his OSC remedies, the administrative judge reached the correct conclusion.  As the administrative judge pointed out, it is not possible to determine with precision which retaliatory actions the appellant might have reported to OSC.  He did not provide a copy of his complaint to OSC, nor did he submit OSC's pre-determination letter.  *See* ID at 4.  The record includes only OSC's October 26, 2011 determination and appeal rights letters, *see* W-1, IAF, Tab 1 at 8-10, and the appellant's October 18, 2011 response to OSC's pre-determination letter, *see* W-4, IAF, Tab 6, Decl., Ex. 1.  OSC's determination letter specifically states that the three alleged retaliatory actions, "leave violations, mid-term performance appraisal violations, and privacy violations," had "not [been] raised in [his] previous complaint."  W-1, IAF, Tab 1 at 9.  OSC instructed the appellant to "submit a new OSC-Form-11" concerning these allegations.  *Id.*  There is no evidence that the appellant ever submitted another OSC Form 11.

¶6      To the extent that the appellant is claiming that the administrative judge ignored his evidence that the agency had retaliated against him by committing various hiring improprieties, the alleged improprieties occurred in large part

*before* his protected disclosure of January 28, 2010, in which he reported the same alleged improprieties. *See* W-1, IAF, Tab 11, Subtab 4h; W-4, IAF, Tab 6, Decl. at 10-16. These alleged improprieties could not have resulted from the January 28, 2010 letter. As for any alleged improprieties after January 28, 2010, the appellant failed to provide "any documents that were provided to you by [agency] officials, or any other information that which suggest [sic] the decision to cancel vacancy announcements was a willful or purposeful attempt to specifically exclude [him] from selection consideration." W-1, IAF, Tab 1 at 10. Without such information, it would be speculative to link the cancellation of vacancy announcements or the appellant's nonselection with his disclosure. In establishing Board jurisdiction, an appellant must present more than conclusory allegations to establish that a personnel action affecting other persons was personal *to him. Cf., e.g.*, *Carter v. Department of the Army*, 62 M.S.P.R. 393, 399 (1994) (an appellant must present more than a conclusory allegation that the implementation of a reduction in force was personal to him to invoke the Board's whistleblower jurisdiction), *aff'd*, 45 F.3d 444 (Fed. Cir. 1995) (Table). After reviewing the record, we find that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶7      The appellant also argues that the administrative judge abused his discretion by not granting him a hearing. If an appellant establishes Board jurisdiction over his IRA appeal by exhausting his OSC remedies and making the requisite nonfrivolous allegations, he has the right to a hearing on the merits of his claim. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 7 (2011). Here, he failed to plead allegations of fact that would prove that his protected disclosure contributed to the agency's decision to take or fail to take any action for which he achieved exhaustion. *See Weed v. Social Security Administration,* 113 M.S.P.R. 221, ¶ 18 (2010).

¶8    The appellant further argues that he can produce new and material evidence, namely agency recruitment records that would establish that employees with lesser qualifications were selected over him. PFR File, Tab 1 at 3. None of these items were included with the petition for review, however, and he has not explained how these items might constitute new evidence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶9    Finally, the appellant claims that Board personnel mistreated him. He explains that his call to the Office of the Clerk of the Board requesting an extension of the time in which to file was not returned and that an employee in the Central Regional Office refused to take a message for the administrative judge. PFR File, Tab 1 at 3-4. He also claims the administrative judge was biased against him. *Id.* The appellant, however, was not harmed by the Office of the Clerk's alleged failure to return his call because his petition for review was timely filed.[5] We cannot specifically address the appellant's allegation about the regional office employee, but, as for the administrative judge's alleged bias, the appellant has not alleged any specific conduct evidencing "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky*

---

[5] A petition for review must be filed within 35 days after issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). The initial decision here was issued on February 7, 2014, and the appellant filed his petition on March 14, 2014, the 35th day.

*v. United States*, [510 U.S. 540](#), 555 (1994)).  Accordingly, we find his argument unavailing.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under [5 U.S.C. § 2302](#)(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* [5 U.S.C. § 7703](#)(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.